JOEL H. BERNSTEIN (*pro hac vice* pending)
JOSEPH A. FONTI (appearance *pro hac vice*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
jbernstein@labaton.com
jfonti@labaton.com

*Lead Counsel for the Class, and
Counsel for Baltimore County Employees'
Retirement System and Arkansas Teacher
Retirement System*

JAMES WAGSTAFFE (95535)
MICHAEL VON LOEWENFELDT (178665)
**Kerr & Wagstaffe LLP**
100 Spear Street, 18th Floor
San Francisco, CA 94105-1528
Tel: (415) 371-8500
Fax: (415) 371-0500
wagstaffe@kerrwagstaffe.com
mvl@kerrwagstaffe.com

*Counsel for Baltimore County Employees'
Retirement System and Arkansas Teacher
Retirement System*

SHAWN A. WILLIAMS (CSB NO. 213113)
**ROBBINS GELLER RUDMAN & DOWD LLP**
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534
shawnw@rgrdlaw.com

*Liaison Counsel for Lead Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE VOCERA COMMUNICATIONS, INC. SECURITIES LITIGATION | Master File No. 3:13-cv-03567 EMC <br><br> CLASS ACTION <br><br> **DECLARATION OF JOSEPH A. FONTI IN SUPPORT OF MOTION BY LEAD PLAINTIFF TO LIMIT THE SCOPE OF CONFIDENTIALITY AGREEMENTS SIGNED BY FORMER VOCERA EMPLOYEES AND FOR *IN CAMERA* REVIEW OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> DATE: July 10, 2014 <br> TIME: 1:30 p.m. <br> DEPT: 5, 17th Floor <br><br> Hon.  Edward M. Chen |
| This Document Relates To: <br><br> All Actions. | |

1  I, Joseph A. Fonti, hereby declare:

2  1. I am an attorney licensed to practice before the courts of the State of New York, and a partner of the law firm of Labaton Sucharow LLP, Lead Counsel and attorneys of record for Baltimore County Employees' Retirement System and Arkansas Teacher Retirement System in this action. I have personal knowledge of the facts stated herein, and, if called as a witness, could and would competently testify to them under oath.

2. As is required and is prudent in this type of case, I and others working at my direction at Labaton Sucharow have undertaken substantial proprietary efforts to investigate the underlying facts and circumstances giving rise to this fraud action.

3. In connection with that investigation, our Director of Investigations, Jerome C. Pontrelli, interviewed a former Vocera Senior Director of Internal Audit, Finance & Administration (the "Audit Director"). I am informed and believe that the Audit Director provided information to Mr. Pontrelli as well as certain internal Vocera documents relevant to the investigation of Vocera's wrongdoing.

4. As reflected in the accompanying Declaration of Jerome Pontrelli, after reviewing the documents, Mr. Pontrelli determined that at least one of them may concern the attorney-client privilege. Mr. Pontrelli immediately quarantined the documents so that no attorney at Labaton Sucharow, including myself, has reviewed the documents or spoken to Mr. Pontrelli about the content of the documents that the Audit Director provided. Instead, Labaton Sucharow retained separate counsel to hold the sole copy of those documents.

5. Vocera, however, declined our request that it provide a privilege log for these documents. Instead, while admitting that not all of the documents are privileged, Vocera took the position that they were "stolen" and that they should not have been provided by the former Audit Director because of certain confidentiality agreements he was required to sign. Vocera maintains that this means we cannot consider the documents.

6. In support of its position, Vocera provided a "Terms of Separation" agreement between it and the former Audit Director. A true and correct copy of that document is attached

1

1  hereto as Exhibit A.  Because Vocera only agreed to provide the document as a confidential
2  "Attorneys Eyes Only" document, it is filed herewith conditionally under seal.
3       7.     Attached hereto as Exhibit B is an Employee Confidential Information and
4  Invention Assignment Agreement ("ECIIA") also provided by Vocera as an "Attorneys Eyes
5  Only" document.  It is also filed conditionally under seal.
6       8.     Other than asserting that none of the documents should have been provided to
7  Mr. Pontrelli, Vocera declined to provide any basis showing that the documents in question are
8  protected by the attorney-client privilege or even trade secret law.
9       9.     Because the parties were unable to resolve this dispute, we now seek the Court's
10 assistance and direction.
11      I declare under penalty of perjury under the laws of the United States that the foregoing is
12 true and correct.  Executed on April 22, 2014 at New York, New York.

                                        /s/ *Joseph A. Fonti*
                                        Joseph A. Fonti

# CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.  The exhibits to the foregoing declaration, which are being filed under seal, have also been served via electronic mail to all counsel of record and by certified mail to non-CM/ECF participants.  I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 22, 2014.

/s/ *Joseph A. Fonti*
JOSEPH A. FONTI
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005

Fonti Decl. ISO Motion to Limit Confidentiality Agreements and For In Camera Review - 3:13-cv-03567 EMC