# Exhibit A

# vocera

August 23, 2013

From:
Vocera Communications
525 Race Street
San Jose, CA 95126


Clive Fiedor
3887 Via Milano
Campbell, CA 95008

      Re:    Terms of Separation

Dear Clive:

      This letter confirms the agreement ("Agreement") between you and Vocera Communications, Inc. (the "Company") concerning the terms of your separation and offers you the separation compensation we discussed in exchange for a general release of claims and covenant not to sue.

      1.    Separation Date: Your employment is being terminated effective August 16, 2013 (the "Separation Date").

[REDACTED]

      3.    Separation Compensation: In exchange for your agreement to the general release and waiver of claims and covenant not to sue set forth below, the Company agrees to provide you with the following:

[REDACTED]

      b.    COBRA: You are eligible to continue your existing health benefits under COBRA, consistent with the terms of COBRA and the Company's health insurance plan. Following the Effective Date (as defined below) of this Agreement, and provided you have not revoked the Agreement as defined below, and upon your timely election to continue your existing health benefits under COBRA, the Company agrees to reimburse you for six (6) months of your COBRA costs upon your submission of processed COBRA payments.

CONFIDENTIAL - ATTORNEYS' EYES ONLY

# vocera

By signing below, you acknowledge that you are receiving the separation compensation outlined in this paragraph in consideration for waiving your rights to claims referred to in this Agreement and that you would not otherwise be entitled to the separation compensation.

4. <u>Return of Company Property</u>: You hereby warrant to the Company that you have returned to the Company all property or data of the Company of any type whatsoever that has been in your possession or control.

5. <u>Proprietary Information</u> You hereby acknowledge that you are bound by the attached Employee Confidential Information and Inventions Agreement (<u>Exhibit A</u> hereto) and that as a result of your employment with the Company you have had access to the Company's Proprietary Information (as defined in the agreement), that you will hold all Proprietary Information in strictest confidence and that you will not make use of such Proprietary Information on behalf of anyone. You further confirm that you have delivered to the Company all documents and data of any nature containing or pertaining to such Proprietary Information and that you have not taken with you any such documents or data or any reproduction thereof.

6. Stock Options: Your currently outstanding Stock Option Agreements with the Company under the Company's Stock Plan (hereafter collectively referred to as the "Stock Option Agreements") are as follows:



Pursuant to these agreements, you were granted options to purchase shares of the Company's common stock as detailed above. Because your employment is terminating on the Separation Date, these options with respect to the Number of Shares Unvested expire as of the Separation Date. If you have exercised unvested shares, the Company hereby exercises its right to repurchase all such unvested shares for the price initially paid as set forth above and a check for the corresponding amount accompanies this letter. Your rights concerning the Options will continue to be governed by the Stock Option Agreements

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

# vocera

and you will have 90 days following the Separation Date to exercise a number of shares equal to the Number of Shares Vested in excess of the Number of Shares Exercised as of the Separation Date. After this date, you will no longer have a right to exercise as to any shares.

7. General Release and Waiver of Claims:

    a. The payments and promises set forth in this Agreement are in full satisfaction of all accrued salary, vacation pay, bonus and commission pay, profit-sharing, stock, stock options or other ownership interest in the Company, termination benefits or other compensation to which you may be entitled by virtue of your employment with the Company or your separation from the Company. To the fullest extent permitted by law, you hereby release and waive any other claims you may have against the Company and its owners, agents, officers, shareholders, employees, directors, attorneys, subscribers, subsidiaries, affiliates, successors and assigns (collectively "Releasees"), whether known or not known, including, without limitation, claims under any employment laws, including, but not limited to, claims of unlawful discharge, breach of contract, breach of the covenant of good faith and fair dealing, fraud, violation of public policy, defamation, physical injury, emotional distress, claims for additional compensation or benefits arising out of your employment or your separation of employment, claims under Title VII of the 1964 Civil Rights Act, as amended, the California Fair Employment and Housing Act and any other laws and/or regulations relating to employment or employment discrimination, including, without limitation, claims based on age or under the Age Discrimination in Employment Act or Older Workers Benefit Protection Act, and/or claims based on disability or under the Americans with Disabilities Act.

    b. By signing below, you expressly waive any benefits of Section 1542 of the Civil Code of the State of California, which provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

    c. You and the Company do not intend to release claims that you may not release as a matter of law, including but not limited to claims for indemnity under California Labor Code section 2802, or any claims for enforcement of this Agreement. To the fullest extent permitted by law, any dispute regarding the scope of this general release shall be determined by an arbitrator under the procedures set forth in the arbitration clause below.

8. Covenant Not to Sue:

    a. To the fullest extent permitted by law, at no time subsequent to the execution of this Agreement will you pursue, or cause or knowingly permit the prosecution of, in any state, federal or foreign court, or before any local, state, federal or foreign administrative agency, or any other tribunal, any charge, claim or action of any kind, nature and character whatsoever, known or unknown, which you may now have, have ever had, or may in the future have against Releasees, which is based in whole or in part on any matter released by this Agreement.

    b. Nothing in this section shall prohibit you from filing a charge or complaint with a government agency where, as a matter of law, the parties may not restrict your ability to file such administrative complaints. However, you understand and agree that, by entering into this Agreement, you

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

# vocera

are releasing any and all individual claims for relief, and that any and all subsequent disputes between you and the Company shall be resolved through arbitration as provided below.

        c.      Nothing in this section shall prohibit or impair you or the Company from complying with all applicable laws, nor shall this Agreement be construed to obligate either party to commit (or aid or abet in the commission of) any unlawful act.

9.      Nondisparagement: You agree that you will not disparage Releasees or their products, services, agents, representatives, directors, officers, shareholders, attorneys, employees, vendors, affiliates, successors or assigns, or any person acting by, through, under or in concert with any of them, with any written or oral statement. Nothing in this paragraph shall prohibit you from providing truthful information in response to a subpoena or other legal process.

10.     Arbitration: Except for any claim for injunctive relief arising out of a breach of a party's obligations to protect the other's proprietary information, the parties agree to arbitrate, in Santa Clara County, California through JAMS, any and all disputes or claims arising out of or related to the validity, enforceability, interpretation, performance or breach of this Agreement, whether sounding in tort, contract, statutory violation or otherwise, or involving the construction or application or any of the terms, provisions, or conditions of this Agreement. Any arbitration may be initiated by a written demand to the other party. The arbitrator's decision shall be final, binding, and conclusive. The parties further agree that this Agreement is intended to be strictly construed to provide for arbitration as the sole and exclusive means for resolution of all disputes hereunder to the fullest extent permitted by law. The parties expressly waive any entitlement to have such controversies decided by a court or a jury.

11.     Attorneys' Fees: If any action is brought to enforce the terms of this Agreement, the prevailing party will be entitled to recover its reasonable attorneys' fees, costs and expenses from the other party, in addition to any other relief to which the prevailing party may be entitled.

12.     Confidentiality: The contents, terms and conditions of this Agreement must be kept confidential by you and may not be disclosed except to your immediate family, accountant or attorneys or pursuant to subpoena or court order. You agree that if you are asked for information concerning this Agreement, you will state only that you and the Company reached an amicable resolution of any disputes concerning your separation from the Company. Any breach of this confidentiality provision shall be deemed a material breach of this Agreement.

13.     No Admission of Liability: This Agreement is not and shall not be construed or contended by you to be an admission or evidence of any wrongdoing or liability on the part of Releasees, their representatives, heirs, executors, attorneys, agents, partners, officers, shareholders, directors, employees, subsidiaries, affiliates, divisions, successors or assigns. This Agreement shall be afforded the maximum protection allowable under California Evidence Code Section 1152 and/or any other state or federal provisions of similar effect.

14.     Complete and Voluntary Agreement: This Agreement, together with Exhibit A hereto and the Stock Option Agreements, constitute the entire agreement between you and Releasees with respect to the subject matter hereof and supersedes all prior negotiations and agreements, whether written or oral, relating to such subject matter. You acknowledge that neither Releasees nor their agents or attorneys have made any promise, representation or warranty whatsoever, either express or implied, written or oral, which is not contained in this Agreement for the purpose of inducing you to execute the Agreement, and you acknowledge that you have executed this Agreement in reliance only upon such

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

# vocera

promises, representations and warranties as are contained herein, and that you are executing this Agreement voluntarily, free of any duress or coercion.

15. **Severability**: The provisions of this Agreement are severable, and if any part of it is found to be invalid or unenforceable, the other parts shall remain fully valid and enforceable. Specifically, should a court, arbitrator, or government agency conclude that a particular claim may not be released as a matter of law, it is the intention of the parties that the general release, the waiver of unknown claims and the covenant not to sue above shall otherwise remain effective to release any and all other claims.

16. **Modification; Counterparts; Facsimile/PDF Signatures**: It is expressly agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by another written agreement that specifically refers to this Agreement, executed by authorized representatives of each of the parties to this Agreement. This Agreement may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one and the same instrument. Execution of a facsimile or PDF copy shall have the same force and effect as execution of an original, and a copy of a signature will be admissible in any legal proceeding as if an original.

17. **Review of Separation Agreement**: You understand that you may take up to twenty-one (21) days from today's date, August 23, 2013, to consider this Agreement and, by signing below, affirm that you were advised to consult with an attorney prior to signing this Agreement. You also understand you may revoke this Agreement within seven (7) days of signing this document and that the separation compensation to be provided to you pursuant to paragraph 3 will be provided only at the end of that seven (7) day revocation period without revocation by you.

18. **Effective Date**: This Agreement is effective on the eighth (8th) day after you sign it and without revocation by you.

19. **Governing Law**: This Agreement shall be governed by and construed in accordance with the laws of the State of California.

If you agree to abide by the terms outlined in this letter, please sign this letter below and also sign the attached copy and return it to me. I wish you the best in your future endeavors.

Sincerely,

Vocera Communications, Inc.

By: _____
Linda Esperance,
VP Human Resources

READ, UNDERSTOOD AND AGREED

_____          Date: 8 . 23 . 2013
Clive Fiedor

**CONFIDENTIAL - ATTORNEYS' EYES ONLY**

vocera

## EXHIBIT A

Clive Fiedor Executed Vocera, Communications, Inc. Employee Confidential Information and Inventions Agreement on file

CONFIDENTIAL - ATTORNEYS' EYES ONLY