| | |
|---|---|
| JOEL H. BERNSTEIN (*PRO HAC VICE*)<br>JOSEPH A. FONTI (APPEARANCE *PRO HAC VICE*)<br>**LABATON SUCHAROW LLP**<br>140 BROADWAY<br>NEW YORK, NEW YORK 10005<br>TELEPHONE: (212) 907-0700<br>FACSIMILE: (212) 818-0477<br>JBERNSTEIN@LABATON.COM<br>JFONTI@LABATON.COM<br><br>*LEAD COUNSEL FOR THE CLASS, AND COUNSEL FOR BALTIMORE COUNTY EMPLOYEES' RETIREMENT SYSTEM AND ARKANSAS TEACHER RETIREMENT SYSTEM*<br><br>JAMES WAGSTAFFE (95535)<br>MICHAEL VON LOEWENFELDT (178665)<br>**KERR & WAGSTAFFE LLP**<br>100 SPEAR STREET, 18TH FLOOR<br>SAN FRANCISCO, CA 94105-1528<br>TEL: (415) 371-8500<br>FAX: (415) 371-0500<br>WAGSTAFFE@KERRWAGSTAFFE.COM<br>MVL@KERRWAGSTAFFE.COM<br><br>*COUNSEL FOR BALTIMORE COUNTY EMPLOYEES' RETIREMENT SYSTEM AND ARKANSAS TEACHER RETIREMENT SYSTEM* | SHAWN A. WILLIAMS (CSB NO. 213113)<br>**ROBBINS GELLER RUDMAN & DOWD LLP**<br>POST MONTGOMERY CENTER<br>ONE MONTGOMERY STREET, SUITE 1800<br>SAN FRANCISCO, CALIFORNIA 94104<br>TELEPHONE: (415) 288-4545<br>FACSIMILE: (415) 288-4534<br>SHAWNW@RGRDLAW.COM<br><br>*LIAISON COUNSEL FOR LEAD PLAINTIFF* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE VOCERA COMMUNICATIONS, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>    All Actions. | Master File No. 3:13-cv-03567 EMC<br><br><u>CLASS ACTION</u><br><br>**REPLY I/S/O MOTION BY LEAD PLAINTIFF TO LIMIT THE SCOPE OF CONFIDENTIALITY AGREEMENTS SIGNED BY FORMER VOCERA EMPLOYEES AND FOR IN CAMERA REVIEW OF DOCUMENTS**<br><br>DATE:  July 10, 2014<br>TIME:  1:30 p.m.<br>DEPT:  5, 17th Floor<br><br>Hon.  Edward M. Chen |

## I. INTRODUCTION

Vocera's opposition brief amply demonstrates why Court review is required to stop Vocera's attempt to hide relevant evidence of its misconduct. Under Vocera's reading of the law, all a company has to do to avoid being investigated for securities fraud is to designate all internal information as "confidential" and then insist that any witness providing evidence against it has "stolen" Vocera's "confidential" information, and that such "stolen" information cannot be used against it.

The information and documents at issue here are only "misappropriated" if it is appropriate for Vocera to insist that all information about it is secret. As this Court held in <u>JDS Uniphase Corporation Securities Litigation</u>, 238 F. Supp. 2d 1127 (N.D. Cal. 2002) ("<u>JDS</u>"), the law does not "allow[] employers to muzzle their employees with overbroad confidentiality agreements." <u>Id.</u> at 1136. That is the issue on which this motion turns, not the generic case law disallowing plaintiffs' counsel from spying and discovery end-runs.

Vocera's arguments all beg the question of whether its confidentiality agreement is valid in the first place – an issue Vocera studiously ignores in its opposition. Vocera admits that it has designated ***all internal information*** as confidential. It simply insists, *ipse dixit*, that this is appropriate, making no attempt to justify its contract and, indeed, asking the Court not even to analyze that issue or review the specific documents in question.

Nor, as <u>JDS</u> clearly held, is this a discovery matter. Discovery is a mandatory process using the Court's power to compel testimony and requiring the parties themselves to expend time and money providing information. Vocera's desire to interfere with its former employee's whistleblowing efforts is not a form of discovery, and Vocera's *voluntary* decision to spend money doing that does not make its efforts "discovery."

This motion directly follows the path laid out by this Court in <u>JDS</u>. The Court should conduct an *in camera* review of the documents obtained from Vocera's former Director of Internal Audit, Finance, and Administration, and should find that those documents not subject to the attorney-client privilege can be used by Counsel for Lead Plaintiff notwithstanding Vocera's overbroad "confidentiality" agreement.

## II.     ARGUMENT

### A.     VOCERA MAKES NO ATTEMPT TO SHOW THAT ITS CONFIDENTIALITY AGREEMENT IS VALID OR ENFORCEABLE

Vocera admits that the challenged confidentiality agreements purport to classify all internal information about it as confidential.  Nowhere in Vocera's opposition, however, does Vocera make any effort to show why its confidentiality agreement – which literally could not be any broader – is enforceable either in general or specifically with respect to the documents over which plaintiffs seek *in camera* review.  Nor does Vocera provide any evidentiary basis for the Court to find that the scope of its purported confidentiality is allowable under relevant trade secret law.  As discussed in the moving papers, such overbroad agreements violate public policy because a company "cannot use its confidentiality agreements to chill former employees from voluntarily participating in legitimate investigations into alleged wrongdoing." JDS, 238 F. Supp. 2d at 1137-38; Chambers v. Capital Cities/ABC, 159 F.R.D. 441 (S.D.N.Y. 1995).  The Court should reject Vocera's attempt to cloak all of its conduct in this fashion (an attempt that, if successful, would substantially impede investigation of Vocera's fraudulent and unlawful activity).

Vocera makes the odd argument that somehow shareholders' counsel are not intended to be the beneficiaries of the public policy preventing companies from shielding all of their conduct in this fashion.  The Supreme Court has repeatedly "emphasized that implied private actions provide 'a most effective weapon in the enforcement' of the securities laws and are 'a necessary supplement to Commission action.'" Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 310 (1985) (citations omitted).  "Nothing in the PSLRA, we have previously noted, casts doubt on the conclusion 'that private securities litigation [i]s an indispensable tool with which defrauded investors can recover their losses'—a matter crucial to the integrity of domestic capital markets." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 321 n.4 (2007) (citations omitted).  If Congress had intended to prevent shareholders' counsel from investigating a company's misconduct, it would have done so.  Instead it did the opposite.  "In fact, the

2

Reply I/S/O Motion To Limit Scope of Confidentiality and For In Camera Review

[PSLRA's] heightened pleading standard encourages plaintiffs to do *more* investigation before filing a complaint, not less." JDS, 238 F. Supp. 2d at 1134 (emphasis in original).[1]

### B. VOCERA'S "MISAPPROPRIATED DOCUMENTS" CASES ARE ALL INAPPOSITE

After insisting that – solely because of its overbroad confidentiality agreement – any evidence against it must be "misappropriated," "pilfered," or the "spoils of another's malfeasance," Vocera attempts to rely on a series of inapposite cases dealing with litigation misconduct. None bear any relationship to the facts here.

Burt Hill, Inc. v. Hassan, 2010 WL 419433 (W.D. Pa. Jan. 29, 2010), reads like a bad spy novel. In that case, the defendants were prevented from using two sets of documents belonging to the plaintiff that allegedly were delivered to the defendants in unmarked anonymous envelopes in Dubai and Jordan. The Court was openly skeptical of defense counsel's insistence that they did not know where the documents came from. Id. at *2, 8-9. Lahr v. Fulbright & Jaworski, LLP, 1996 WL 34393321 (N.D. Tex. Jul. 10, 1996), dealt with personal notes stolen from a locked filing cabinet. Id. at *2. In In re Shell Oil Refinery, 143 F.R.D. 105, 108-109 (E.D. La. 1992), the court was concerned with plaintiffs' counsel obtaining records directly from a current Shell employee instead of seeking them in ongoing discovery. In Glynn v. EDO Corp., 2010 WL 3294347 (D. Md. Aug. 20, 2010), the Court was concerned with a plaintiffs' solicitation and receipt of emails and other confidential information from a former co-worker still working for the defendant. The Court expressly declined to reach the question of whether materials retained by the plaintiff when his employment ended were "stolen" which the Court acknowledged "may require an analysis of the substance and validity of the Employment Agreement and a document-by-document analysis of which information retained by Glynn is proprietary or confidential" – exactly the analysis that is required here. Id. at *3 n.7.

---

[1] Vocera cites out of context dicta from City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp., 952 F. Supp. 2d 633, 638 (S.D.N.Y. 2013) where Judge Rakoff provides his opinion that the PSLRA and its enforcement have caused problems for both sides because of the amount of private investigation they require. Judge Rakoff's memorandum has nothing to do with the limits of such investigations and in no way supports Vocera's opposition.

1   This all of these cases involve a deliberate attempt by counsel to seek evidence directly
2   from current employees instead of through discovery and/or actual theft of materials from a
3   party.  None of these cases support Vocera's insistence that its overbroad confidentiality
4   agreement alone is a sufficient reason to prevent its former Director of Internal Audit, Finance,
5   and Administration from sharing the evidence he has about Vocera's financial misconduct.

### C.   THE INSTANT MOTION IS CONSISTENT WITH THE DISCOVERY STAY

Vocera also attempts the argument this Court rejected in JDS – that this motion is inconsistent with the discovery stay.  JDS properly rejected that argument.

> By filing this motion, however, plaintiffs are not seeking discovery in the ordinary sense of the word. In essence, what the plaintiffs are asking for is an order from the Court allowing former JDSU employees to speak voluntarily to plaintiffs' lead counsel about certain topics without fear of breaching JDSU's confidentiality agreements. This is not discovery, because plaintiffs are not using court process to require these third parties to provide information about the lawsuit. Instead, plaintiffs are merely seeking an order that would allow former employees to speak voluntarily if they wish to do so. . . . [¶] … The Court agrees … that the Reform Act was not intended to provide defendants with the means to bar all investigation into their conduct. The Reform Act was not intended to provide defendants with immunity from suit…"

JDS, 238 F. Supp. 2d at 1133-34.

JDS is correct.  Discovery is a mandatory process that uses the Court's power to compel testimony.  No such process is involved here.  No one is being compelled to provide testimony or documents; instead, Vocera is trying to prevent shareholders from obtaining evidence against it.  All of the costs asserted by Vocera at pages 8 and 9 of its brief are costs Vocera has chosen to incur in an attempt to hide information that a former employee has voluntarily chosen to provide.  That is not discovery.

What Vocera is really arguing is that the PSLRA should be interpreted to prevent shareholders' counsel from conducting the investigation necessary to properly plead their claims under the PSLRA.  Vocera cannot have it both ways:  it cannot insist on the heightened pleading standards of the PSLRA and the PSLRA discovery stay, but also insist that it can bar use of any evidence obtained against it through investigation.

### D.    VOCERA'S ATTEMPT TO LIMIT *JDS* FAILS

Finally, Vocera attempts to avoid the plain authority of JDS through irrelevant distinctions and by repeatedly calling the decision "narrow."

Vocera first argues that answering questions is different than providing copies of documents.[2]  But the Vocera confidentiality agreements make no such distinction.  If that agreement were valid, it would make no difference whether the confidential information was revealed orally or on paper.

Vocera next raises a parade of horribles about "carte-blanche" inquiries where plaintiffs' counsel become the "decisionmaker."  That again bears no relationship to this motion, or to whether the Court should review these specific documents in question to determine whether they can be disclosed to plaintiffs' counsel.[3]  Given this argument, Vocera's insistence that there should be no *in camera* review is puzzling to say the least.  *In camera* review is necessary to analyze whether the confidentiality assertion is valid.  Vocera's desire to keep these questions abstract rather than actually analyze the evidence speaks volumes about the lack of any legitimate need to bar plaintiffs' counsel from use of these documents in preparing their consolidated complaint.

Vocera then returns to its "misappropriated" argument, insisting that public policy is not advanced by theft.  Once again this begs the question.  As discussed earlier, mere breach of the unlawfully overbroad confidentiality agreement at issue here is not analogous to the acts of espionage at issue in the cases Vocera relies on.

---

[2]    The Virginia JDS case – JDS Uniphase Corp. v. Jennings, 473 F. Supp. 2d 697, 704 (E.D. Va. 2007), involved a claim for breach of the confidentiality contract, not limits on the investigation of misconduct in a PSLRA case.   It thus has no bearing on the questions before the Court.

[3]    The relief plaintiffs seek is narrowly tailored to the factual circumstances here.  While plaintiffs have asked the Court to find Vocera's confidentiality agreement invalid, as the proposed order makes clear such a finding would not mean that there is no confidentiality, merely that the blanket gag Vocera attempts to place on its former employees is invalid.

5
Reply I/S/O Motion To Limit Scope of Confidentiality and For In Camera Review

1    Finally, Vocera insists that any information about it should be obtained "at an appropriate
2  time, through the regular discovery process." Yet Vocera's ultimate position is that there should
3  never be a discovery process. Vocera cannot use the shield of the PSLRA discovery stay and
4  pleading requirements as a sword to attack the efforts of counsel to meet their pleading
5  obligations.

6  **III.    CONCLUSION**

7    Once all the question begging and rhetorical outrage are removed, Vocera's opposition
8  comes down to the position that its former employees should not be allowed to share any
9  information about the company with plaintiffs' counsel because Vocera says so. Public policy
10 does not allow companies to gag their former employees in that manner. Lead Plaintiff
11 respectfully requests the Court to grant its motion and to enter the Proposed Order filed with the
12 moving papers.

13 DATED: June 19, 2014                          LABATON SUCHAROW LLP

14 By: /s/ *James Wagstaffe*                     By: /s/ *Joseph A. Fonti*

15 James Wagstaffe (95535)                       Joel H. Bernstein (*pro hac vice*)
   Michael von Loewenfeldt (178665)              Joseph A. Fonti (*pro hac vice*)
16 **Kerr & Wagstaffe Llp**                      **LABATON SUCHAROW LLP**
   100 Spear Street, 18th Floor                  140 Broadway
17 San Francisco, CA 94105-1528                  New York, New York 10005
   Tel: (415) 371-8500                           Telephone: (212) 907-0700
18 Fax: (415) 371-0500                           Facsimile: (212) 818-0477
   wagstaffe@kerrwagstaffe.com                   jbernstein@labaton.com
19 mvl@kerrwagstaffe.com                         jfonti@labaton.com

20 *Counsel for Baltimore County Employees'*     *Lead Counsel for the Class, and*
   *Retirement System and Arkansas Teacher*     *Counsel for Baltimore County Employees'*
21 *Retirement System*                           *Retirement System and Arkansas Teacher*
                                                 *Retirement System*
22
                                                 Shawn A. Williams (CSB No. 213113)
23                                               **ROBBINS GELLER RUDMAN & DOWD LLP**
                                                 Post Montgomery Center
24                                               One Montgomery Street, Suite 1800
                                                 San Francisco, California 94104
25                                               Telephone: (415) 288-4545
                                                 Facsimile: (415) 288-4534
26                                               shawnw@rgrdlaw.com

27                                               *Liaison Counsel for Lead Plaintiff*

28

CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 19, 2014.

/s/ *Joseph A. Fonti*
JOSEPH A. FONTI
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005