UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VOCERA COMMUNICATIONS, INC. SECURITIES LITIGATION<br>_____/<br>This Document Relates To:<br>    All Actions.<br>_____/ | Master File No. C-13-3567 EMC<br><br>**CLASS ACTION**<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>**(Docket No. 155)** |

    Currently pending before the Court is a motion to intervene (as plaintiffs) filed by Wayde Albright, Lisa R. Murphy, Chelsey Penix, Dawn Marie Ball, Amber Lambert, and Timmy T. Curtis (collectively, "Movants"). Movants claim that they were "personally affected by the Defendants," that they have "a common vested interest in this litigation," and that they "will provide questions of law[] and facts that are common in this action and will bring new evidence consisting of documents, exhibits, records, graphs, [and] charts." Mot. at 1-2. Having considered the papers submitted, as well as all other evidence of record, the Court hereby **DENIES** the motion to intervene.

    The Court largely agrees with the arguments raised by Plaintiffs in their opposition brief. In particular, the Court notes that Movants have provided no specific basis to allow either intervention of right or permissive intervention. *See* Fed. R. Civ. P. 24(c) (providing that "[t]he motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought"); *Oracle Am. Inc. v. Terix Computer Co., Inc.*, No. 15-3385 PSG (N.D. Cal.) (Docket No. 571) (denying motion to intervene filed by Ms. Lambert, Mr.

Rich, and Timmy J. Tholmes, where the same basic argument in support of intervention was made; noting that movants failed to "specify for which claim they seek intervention, nor do they allege any facts supporting a legitimate connection to the underlying litigation"). In addition, intervention is inappropriate given that nothing suggests Plaintiffs cannot adequately represent any interest Movants have or, even if Plaintiffs could not, Movants have other means to protect their interest (*e.g.*, opting out of the class if certified). *See Zepeda v. PayPal, Inc.*, No. 10-cv-02500-SBA (JCS), 2014 U.S. Dist. LEXIS 56699, at *20-21 (N.D. Cal. Apr. 23, 2014) ("If the class is certified and Putative Interveners are members of the class, then Putative Interveners do have means to protect their interests. That is, they may object to the settlement during the hearings on motions for preliminary or final approval, or they may opt out of the class and pursue seem to have filed similar frivolous motions to intervene in other cases, which were denied."). Finally, the Court takes note that Ms. Lambert has filed similar frivolous motions in other cases. *See, e.g.*, *Oracle Am. Inc. v. Terix Computer Co., Inc.*, No. 15-3385 PSG (N.D. Cal.) (Docket No. 559); *In re Intuitive Surgical Secs. Litig.*, No. 13-1920 EJD (N.D. Cal.) (Docket No. 117).

     Accordingly, the motion for relief is denied.

     This order disposes of Docket No. 155.

     IT IS SO ORDERED.

Dated: May 12, 2015

_____
EDWARD M. CHEN
United States District Judge