UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VOCERA COMMUNICATIONS INC., SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>    All Actions. | Case No. 13-cv-03567-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**<br><br>Docket No. 185 |

The Court has reviewed the motion for preliminary approval and hereby orders that the parties provide supplemental briefing and/or evidence on the issues identified below. The supplemental brief shall be filed within one week of the date of this order. A joint brief is strongly preferred.

A.  Scope of the Release

Under the settlement, "Released Claims" is defined as

> any and all claims . . . that Lead Plaintiffs or any other Settlement Class member: (i) asserted in the Action; or (ii) could have asserted in the Action . . . that arise from, are based upon, or relate in any way to both (a) the purchase or acquisition of the publicly traded securities of Vocera . . . by the Settlement Class Member during the Class Period and (b) the facts, matters, [etc.] that were alleged or that could have been alleged in the Action against the Released Defendant Parties.

Sett. ¶ 1(aa). The Court has some concern about the scope of the release. *See* Sett. ¶ 1(aa).

First, although (ii) is properly limited to claims against the Released Defendant Parties, (i) does not appear to have such a limitation. The parties shall address whether there should be a similar limitation in (i).

Second, Released Defendant Parties is broadly defined to include, *e.g.*, underwriters and directors. Because of this broad definition, the scope of the release arguably covers the Securities Act claims against the underwriters and directors, which the Court dismissed and are not a part of this settlement. The parties shall address this potential problem. If the language of the release needs to be modified, the parties shall propose amended language for the Court's consideration.

B. <u>Strength of Lead Plaintiffs' Case/Risks of Litigation</u>

Although the parties have made some arguments regarding the strength of Lead Plaintiffs' case and/or the risks of litigation, *see, e.g.*, Mot. at 10, 13-14 (noting disputed issues regarding the falsity of the statements, scienter, loss causation, efficiency of the market, and damages), the arguments are too general. The parties shall provide a more robust analysis of the strength of the case and/or the risks of litigation.

C. <u>Proof of Claim</u>

The parties contemplate that documentation must be submitted to support a proof of claim. While this is understandable, the Court does have some concern that documentation may not be possible in all cases or at least not perfect. The Claims Administrator and Lead Counsel appear to have "discretion" in "deem[ing] [what is] acceptable." Sett. ¶ 29(a); *see also* Prop. Order ¶ 17(b) (providing that a proof of claim "must be accompanied by adequate supporting documentation . . . in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel"). The parties shall consider whether there should be language in the settlement and/or proposed order indicating that such discretion must be reasonably exercised and/or exercised in good faith.

D. <u>Request for Exclusion</u>

The proposed order states that a person requesting exclusion from the settlement class must provide certain information, including but not limited to "the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and/or sales of Vocera publicly traded securities during the Class Period." Prop. Order ¶ 19 (also providing that the request for exclusion shall not be effective without the required information); *see also* Docket No. 185-1 (Long-Form Notice at 15)

(requiring such information for exclusion request). The parties shall address why this information is needed for a request for exclusion and why a request should be deemed ineffective without it.

E.  Objection

Similar to above, the proposed order states that an objector must provide certain information, including "the date(s), price(s), and number(s) of all purchases, acquisitions, and/or sales of Vocera publicly traded securities during the Class Period." Prop. Order ¶ 21; *see also* Docket No. 185-1 (Long-Form Notice at 17). As above, the parties shall address why this information is needed for an objection and why an objection should be deemed ineffective without it.

F.  Cy Pres Beneficiary

The motion indicates that, "[o]nce it is no longer economically feasible to distribute the Net Settlement Fund, Lead Plaintiffs will request Court approval of a [cy pres] recipient." Mot. at 18. The settlement does not identify any cy pres beneficiary. The parties shall address whether there should be identification of a cy pres beneficiary now rather than later, so that such information may be included in the class notice. Even if distribution to a cy pres beneficiary is unlikely, how a class member decides to act may arguably be informed by such information.

G.  Termination Threshold

The settlement agreement provides that Vocera has the option of terminating the settlement if the requests for exclusion exceed certain criteria. *See* Sett. ¶ 40(a). The parties shall file under seal a copy of the Confidential Supplemental Agreement so that the Court may evaluate the termination threshold.

H.  Attorney's Fees and Costs

Lead Plaintiffs shall provide more specific information about the asserted lodestar – namely, the average hourly rate, the number of hours incurred, and a rough breakdown of hours spent on major tasks in the litigation (*e.g.*, motion to dismiss briefing, motion for certification briefing, etc.).

Lead Plaintiffs shall also provide more specific information about the costs/expenses incurred as of date. *See* Mot. at 16 n.7 (referring to a cap of $450,000 and $40,000 for litigation

expenses and other expenses).

I.      Long-Form Notice (Docket No. 185-1)

*Page 2.*  The bolded first paragraph should include a statement about the estimated average payout per share.

*Pages 2-3.*  The chart should be modified.  The basic options should be (1) submitting a proof of claim, (2) excluding oneself, (3) objecting, and (4) do nothing.  The option of objecting should discuss the possibility of making an appearance at the final approval hearing.  The objection option should also make clear that an objector should still file a proof of claim if he or she wants a cash payment of any kind.

*Page 11.*  The answer to Question 8 should make clear that there will be deductions from the $9 million (*e.g.*, attorney's fees and costs, notice and administration expenses) before there will be distribution to the class.  The answer to Question 9 should refer back to the estimated average payout of $0.64 per share before deductions and $0.44 per share after.  *See* Docket No. 185-1 (Long-Form Notice at 3).

*Pages 11-12.*  The section on submitting a proof of claim should specify the kinds of documents needed to support the proof of claim – *e.g.*, broker confirmation slips, broker account statements, or an authorized statement from the broker containing the transactional information found in a broker confirmation slip.  *See* Prop. Order ¶ 17(b).  The same kinds of documents should also be identified on the proof of claim itself.

*Page 16.*  The placement of the section "The Lawyers Representing You" is odd, coming between the section on exclusion and the section on objecting.

*Page 16.*  The answer to Question 17 should specify the absolute dollar figure for attorney's fees, not just the percentage.

*Pages 16-18.*  The section on objections should clarify that an objector must still submit a proof of claim or he/she will not obtain any money payment.

*Page 20.*  The answer to Question 24 should make clear that the "Stipulation" is the settlement agreement.

*Page 22.*  Lead Plaintiffs shall explain why, under the Plan of Allocation, 95% of the net

settlement fund will be allocated to common stock and no more than 5% will be allocated to options on the common stock.

*Page 28.*  The parties shall address whether the special notice to securities brokers and nominees should also be replicated in a cover letter (rather than buried at the end of the long-form notice) to the securities brokers and nominees.

J.    Short-Form Notice (Docket No. 185-1)

*Page 2.*  The bolded first paragraph should include a statement about the estimated average payout per share.

*Page 4.*  The section on objections should clarify that an objector must still submit a proof of claim or he/she will not obtain any money payment.

K.    Timing

The parties have proposed that reply briefs may be filed only seven (7) days prior to the hearing on final approval.  *See, e.g.*, Mot. at 7; Prop. Order ¶ 8.  The Court needs at least fourteen (14) days, not seven (7).

The parties have proposed that proof of publication (of the class notice) be filed with the Court "at or before" the final approval hearing.  Prop. Order ¶ 15.  The proof of publication shall be filed fourteen (14) days prior to the final approval hearing.

**IT IS SO ORDERED**.

Dated: February 12, 2016

_____
EDWARD M. CHEN
United States District Judge

5