ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
katerinap@rgrdlaw.com

*Liaison Counsel for Plaintiffs*

LABATON SUCHAROW LLP
JONATHAN GARDNER
CAROL C. VILLEGAS
140 Broadway
New York, New York 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
cvillegas@labaton.com

*Lead Counsel for Lead Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VOCERA COMMUNICATIONS, INC., SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>All Actions. | MASTER FILE NO. 3:13-cv-03567 EMC<br><br>CLASS ACTION<br><br>[PROPOSED AMENDED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT<br><br>Judge: The Hon. Edward M. Chen<br>Dep't: 5, 17th Floor<br>Filed: August 1, 2013 |

WHEREAS, as of January 14, 2016, Arkansas Teacher Retirement System ("ATRS") and Baltimore County Employees' Retirement System ("BCERS" and, together with ATRS, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), on the one hand,

1  and Vocera Communications, Inc. ("Vocera" or the "Company"), Robert J. Zollars, Brent D.
2  Lang, and William R. Zerella (collectively, the "Individual Defendants" and, with Vocera, the
3  "Defendants"), on the other hand, entered into a Stipulation and Agreement of Settlement (the
4  "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule
5  23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets
6  forth the terms and conditions of the proposed settlement of the claims alleged in the
7  Consolidated Amended Class Action Complaint filed on September 19, 2014 (the "Complaint")
8  on the merits and with prejudice (the "Settlement"); and

9  WHEREAS, the Court has reviewed and considered the Stipulation and the
10 accompanying exhibits to determine, among other things, whether the Settlement is sufficiently
11 fair, reasonable, and adequate to warrant the issuance of notice of the proposed Settlement to the
12 Settlement Class; and

13 WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

14 WHEREAS, all capitalized terms used in this order that are not otherwise defined herein
15 have the meanings defined in the Stipulation;

16 NOW, THEREFORE, IT IS HEREBY ORDERED, this 4th day of March,
17 2016 that:

18  1.  *Preliminary Findings Concerning the Proposed Settlement.*  The Court has
19 reviewed the Stipulation and preliminarily finds the Settlement set forth therein to: (i) be fair,
20 reasonable and adequate, subject to further consideration at the Settlement Hearing described
21 below; (ii) be the result of serious, extensive arm's-length and non-collusive negotiations; (iii)
22 fall within a range of reasonableness warranting final approval; (iv) have no obvious
23 deficiencies; (v) not improperly grant preferential treatment to the Lead Plaintiffs or segments of
24 the Settlement Class; and (vi) warrant notice of the proposed Settlement to the Settlement Class
25 Members and further consideration of the Settlement at the fairness hearing described below.

26  2.  *Settlement Class.*  Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil
27 Procedure, the Court hereby certifies, for the purposes of the Settlement only, the Settlement
28 Class of: all persons and entities that purchased or otherwise acquired the publicly traded

securities of Vocera Communications, Inc. between March 28, 2012 and May 2, 2013, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Vocera's subsidiaries and affiliates; (iv) any person who is or was an officer or director of Vocera or any of Vocera's subsidiaries or affiliates during the Class Period; (v) any entity in which any Defendant has a controlling interest; (vi) the Underwriters; and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity. Notwithstanding the foregoing sentence, any Underwriter shall not be excluded solely to the extent it, or an agent, or affiliate thereof, held Vocera securities in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the definition of the Settlement Class. Also excluded from the Settlement Class are any Settlement Class Members who properly exclude themselves by submitting a valid and timely request for exclusion in accordance with the requirements set forth below and in the Notice.

3. The Court finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

(d) Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

  (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are certified as Class Representatives for the Settlement Class.  The law firm of Labaton Sucharow LLP is appointed Class Counsel for the Settlement Class and Robbins Geller Rudman & Dowd LLP is appointed Liaison Counsel for the Settlement Class.

5. Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Class Counsel and Liaison Counsel.

6. <u>Settlement Hearing.</u>  A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on __June 23__, 2016, at _1_:_30 p_.m. before the Honorable Edward M. Chen in Department 5 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, 94102, for the following purposes:

  (a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

  (b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered in its entirety and with prejudice; to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties; and to

determine whether the Settlement Class should be forever barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against the Released Defendant Parties;

  (c) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class; and whether Robbins Geller Rudman & Dowd should be finally appointed as Liaison Counsel for the Settlement Class;

  (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

  (e) to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

  (f) to rule upon such other matters as the Court may deem appropriate.

 7. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

 8. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than fourteen (14) calendar days prior to the Settlement Hearing.

1  9.  At or after the Settlement Hearing, the Court shall determine whether the plan of allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.  Any appeal from any orders relating to any plan of allocation or Lead Counsel's application for an award of attorneys' fees and expenses and Lead Plaintiff reimbursement, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action as set for therein.

10.  Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

11.  <u>Notice.</u>  The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

12.  The Court approves the retention of The Garden City Group as the Claims Administrator.  The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Vocera, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, transfer records, from Vocera's transfer agent, in electronic searchable form containing the names and addresses of Persons who purchased or acquired Vocera publicly traded common stock during the Class Period no later than five (5) business days after entry of this Preliminary Approval Order.

13.  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired the publicly traded securities of Vocera during the Class Period as record owners but

1   not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN SEVEN (7)
2   CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient
3   copies of the Notice to forward to all such beneficial owners and WITHIN SEVEN (7)
4   CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to
5   all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the
6   Notice, provide a list of the names and addresses of all such beneficial owners to the Claims
7   Administrator and the Claims Administrator is ordered to send the Notice promptly to such
8   identified beneficial owners.  Nominees who elect to send the Notice to their beneficial owners
9   SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was
10  made and shall retain their mailing records for use in connection with any further notices that
11  may be provided in the Action.  Upon full compliance with these directions, such nominees may
12  seek reimbursement of their reasonable expenses actually incurred by providing the Claims
13  Administrator with proper documentation supporting the expenses for which reimbursement is
14  sought.
15        14.    Lead Counsel shall, fourteen (14) calendar days before the Settlement Hearing,
16  file with the Court proof of mailing of the Notice and Proof of Claim.
17        15.    The Court approves the form of the Summary Notice of Pendency of Class
18  Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice")
19  substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause
20  the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *PR*
21  *Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, fourteen
22  (14) calendar days before the Settlement Hearing, file with the Court proof of publication of the
23  Summary Notice.
24        16.    The form and content of the notice program described herein, and the methods set
25  forth herein of notifying the Settlement Class of the Settlement and its terms and conditions: (a)
26  constitute the best notice to Settlement Class Members practicable under the circumstances; (b)
27  are reasonably calculated, under the circumstances, to describe the terms and effect of the
28  Stipulation and of the Settlement and to apprise Settlement Class Members of their right to

1   object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are
2   reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive
3   such notice; and (d), meet the requirements of due process, Rule 23 of the Federal Rules of Civil
4   Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7),
5   as amended by the PSLRA, the Rules of this Court, and any other applicable law.

6        17.    <u>Submission of Proof of Claim Forms.</u>  In order to be eligible to receive a
7   distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance
8   with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall
9   take the following actions and be subject to the following conditions:

10           (a)    A properly executed Proof of Claim, substantially in the form annexed
11   hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in
12   the Notice, postmarked or received no later than 120 calendar days after the Notice Date.  Such
13   deadline may be further extended by Court order or by Lead Counsel in its discretion.  Each
14   Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed
15   and mailed by first-class or overnight mail, postage prepaid) provided such Proof of Claim is
16   actually received prior to the motion for an order of the Court approving distribution of the Net
17   Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have
18   been submitted when it was actually received at the address designated in the Notice.  Any
19   Settlement Class Member who does not timely submit a Proof of Claim within the time
20   provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless
21   otherwise ordered by the Court, but shall nonetheless remain bound by the Stipulation, the
22   Judgment (or Alternative Judgment) and all releases therein, and all other determinations in this
23   Action concerning the Settlement.

24           (b)    The Proof of Claim submitted by each Settlement Class Member must
25   satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must
26   be properly completed, signed and submitted in a timely manner in accordance with the
27   provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting
28   documentation for the transactions reported therein, in the form of broker confirmation slips,

1  broker account statements, an authorized statement from the broker containing the transactional

2  information found in a broker confirmation slip, or such other documentation as is deemed

3  adequate by the Claims Administrator or Lead Counsel in the exercise of their reasonable

4  discretion; (iii) if the person executing the Proof of Claim is acting in a representative capacity,

5  a certification of her current authority to act on behalf of the Settlement Class Member must be

6  included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no

7  material deletions or modifications of any of the printed matter contained therein and must be

8  signed under penalty of perjury.

9          (c)     As part of the Proof of Claim, each Settlement Class Member shall

10 submit to the jurisdiction of the Court with respect to the claim submitted.

11     18.    Any Settlement Class Member may enter an appearance in this Action, at his, her

12 or its own expense, individually or through counsel of his, her or its own choice.  If any

13 Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead

14 Counsel.

15     19.    <u>Exclusions from the Settlement Class.</u>  Settlement Class Members shall be bound

16 by all orders, determinations and judgments in this Action concerning the Settlement, whether

17 favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a

18 timely and proper manner, as hereinafter provided.  A putative Settlement Class Member

19 wishing to make such an exclusion request shall mail the request in written form by first-class

20 mail to the address designated in the Notice for such exclusions, such that it is received no later

21 than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion

22 must state the name, address and telephone number of the Person seeking exclusion, must state

23 that the sender requests to be "excluded from the Settlement Class in *In re Vocera*

24 *Communications, Inc., Securities Litigation,* No. 13-03567 (N.D. Cal.)" and must be signed by

25 such Person.  Such Persons requesting exclusion are also directed to state the information

26 requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of

27 shares of all purchases, acquisitions, and/or sales of Vocera publicly traded securities during the

28 Class Period.  The request for exclusion shall not be effective unless it provides the required

1 information and is made within the time stated above, or the exclusion is otherwise accepted by
2 the Court.

3     20.    Putative Settlement Class Members requesting exclusion from the Settlement
4 Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in
5 the Stipulation and Notice.

6     21.    <u>Objections to the Settlement.</u>  The Court will consider any Settlement Class
7 Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award
8 of attorneys' fees or expenses only if such Settlement Class Member has filed by hand or by mail
9 his, her or its written objection and supporting papers, such that they are received on or before
10 twenty-one (21) calendar days before the Settlement Hearing, with the Clerk of the Court, United
11 States District Court for the Northern District of California, U.S. Courthouse, 450 Golden Gate
12 Avenue, San Francisco, CA 94102-3489.  The written objection must: (a) clearly indicate the
13 objector's name, mailing address, daytime telephone number, and email address; (b) state that
14 the objector is objecting to the proposed Settlement, Plan of Allocation and/or Fee and Expense
15 Application in *In re Vocera Communications, Inc. Sec. Litig.*, Master Case No. 13-cv-03567
16 EMC (N.D. Cal.);  (c) specify the reason(s), if any, for the objection, including any legal support
17 and/or evidence, including witnesses, that such objector wishes to bring to the Court's attention
18 or introduce in support of such objection; and (d) list the date(s), price(s), and number(s) of all
19 purchases, acquisitions, and/or sales of Vocera publicly traded securities during the Class Period.
20 Any Settlement Class Member who does not make his, her, or its objection in the manner
21 provided for in the Notice shall be deemed to have waived such objection and shall forever be
22 foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation,
23 or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but
24 shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance
25 at the hearing is not necessary, however, persons wishing to be heard orally in opposition to the

MASTER FILE NO. 3:13-CV-03567 EMC
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL    10

approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

22. <u>Notice and Administration Expenses and Escrow Matters.</u> As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from Defendants and without further order of the Court.

23. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation. Pursuant to paragraph 26 of the Stipulation, the Court hereby approves Consumer Federation of America as the cy pres beneficiary should there be any balance in the Net Settlement Fund that is not feasible or economical to reallocate to Authorized Claimants, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses.

24. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

25. <u>Bar on Litigating Released Claims.</u> Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Settlement Class Members, and each of them,

MASTER FILE NO. 3:13-CV-03567 EMC
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL                                  11

1  and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute
2  any action which asserts Released Claims against the Released Defendant Parties.

3        26.    <u>Termination of Settlement.</u>  If the Settlement fails to become effective as defined
4  in the Stipulation or is terminated, then, in any such event, the Stipulation, including any
5  amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary
6  Approval Order shall be null and void, of no further force or effect, and without prejudice to any
7  Party, and may not be introduced as evidence or used in any actions or proceedings by any
8  person or entity against the Parties, and the Parties shall be deemed to have reverted to their
9  respective litigation positions in the Action immediately prior to October 15, 2015.

10       27.    <u>No Admission.</u>  Neither the Stipulation, nor any of its terms or provisions, nor any
11 of the negotiations or proceedings connected with it, shall be construed as an admission or
12 concession by the Released Defendant Parties of the truth of any of the allegations in the Action,
13 or of any liability, fault or wrongdoing of any kind and shall not be construed as, or deemed to be
14 evidence of or an admission or concession that Lead Plaintiff or any Class Members have
15 suffered any damages, harm or loss.

16       28.    This order shall not be construed or used as an admission, concession, or
17 presumption by or against any of the Released Defendant Parties of any fault, wrongdoing,
18 breach, or liability or as a waiver by any Party of any arguments, defenses, or claims he, she or it
19 may have in the event that the Stipulation is terminated, nor shall it be used in any manner
20 prohibited by paragraph 47 of the Stipulation.   In the event this Order becomes of no force or
21 effect, it shall not be construed or used as an admission, concession, or presumption by or against
22 the Released Defendant Parties, the Released Plaintiff Parties, or the Settlement Class.

23       29.    <u>Stay.</u>  Pending further order of the Court, all litigation activity, except that
24 contemplated herein, in the Stipulation, in the Notice, in the Summary Notice, or in the
25 Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action,
26 except the Settlement Hearing and any deadlines set forth in this order, are hereby taken off
27 calendar.
28

MASTER FILE NO. 3:13-CV-03567 EMC
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL     12

30.     <u>Jurisdiction.</u>  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: ___March 4___, 2016    _____

Honorable Edward M. Chen
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen