ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
katerinap@rgrdlaw.com

*Liaison Counsel for Plaintiffs*

LABATON SUCHAROW LLP
JONATHAN GARDNER
CAROL C. VILLEGAS
140 Broadway
New York, New York 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
cvillegas@labaton.com

*Lead Counsel for Lead Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VOCERA COMMUNICATIONS, INC., SECURITIES LITIGATION | MASTER FILE NO. 3:13-cv-03567 EMC |
| | CLASS ACTION |
| This Document Relates to: | [~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND PAYMENT OF LEAD PLAINTIFFS' EXPENSES |
| All Actions. | |
| | Date: June 23, 2016
Time: 1:30 p.m.
Judge: The Hon. Edward M. Chen
Dep't: 5, 17th Floor |

On June 23, 2016, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP ("Plaintiffs' Counsel") in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses directly relating to their

1  representation of the Settlement Class; and (2) Lead Plaintiffs' their costs and expenses
2  (including lost wages). The Court having considered all matters submitted to it at the hearing
3  and otherwise; and it appearing that a notice of the hearing substantially in the form approved by
4  the Court (the "Notice") was mailed to all reasonably identified persons or entities who
5  purchased or acquired the publicly traded securities of Vocera Communications, Inc. ("Vocera")
6  between March 28, 2012 and May 2, 2013, inclusive, and were allegedly damaged thereby; and
7  that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved
8  by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and
9  the Court having considered and determined the fairness and reasonableness of the award of
10 attorneys' fees and expenses requested;
11         NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:
12     1.   The Court has jurisdiction over the subject matter of this Action and over all
13 parties to the Action, including all Settlement Class Members, counsel, and the Claims
14 Administrator.
15     2.   All capitalized terms used herein have the meanings set forth and defined in the
16 Stipulation and Agreement of Settlement, dated as of January 14, 2016 (the "Stipulation").
17     3.   Notice of Lead Counsel's application for attorneys' fees and payment of litigation
18 expenses was given to all Settlement Class Members who could be identified with reasonable
19 effort. The form and method of notifying the Settlement Class of the application for attorneys'
20 fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil
21 Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7),
22 as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due
23 process, and any other applicable law, constituted the best notice practicable under the
24 circumstances, and constituted due and sufficient notice to all persons and entities entitled
25 thereto.
26     4.   The Court hereby awards Lead Counsel attorneys' fees in the amount of
27 $ 2.25 million, plus interest at the same rate earned by the Settlement Fund, and payment of
28

1  litigation expenses in the amount of $ 382,010.86 , plus interest at the same rate
2  earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

3    5.    The award of attorneys' fees and litigation expenses may be paid to Lead Counsel
4  from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions,
5  and obligations of the Stipulation, which terms, conditions, and obligations are incorporated
6  herein.

7    6.    In making this award of attorneys' fees and payment of litigation expenses to be
8  paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth
9  Circuit and found that:

10    (a)    The Settlement has created a common fund of $9 million in cash and that
11  numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the
12  Settlement created by the efforts of Plaintiffs' Counsel;

13    (b)    The requested attorneys' fees and payment of litigation expenses have
14  been reviewed and approved as fair and reasonable by Lead Plaintiffs, sophisticated institutional
15  investors that were directly involved in the prosecution and resolution of the Action and who
16  have a substantial interest in ensuring that any fees paid to Plaintiffs' Counsel are duly earned
17  and not excessive;

18    (c)    Plaintiffs' Counsel undertook the Action on a contingent basis, and have
19  borne all the ensuing risk, including the risk of no recovery, given, among other things, the risks
20  of litigation including Defendants' defenses on the falsity of their statements, scienter, loss
21  causation, and damages.

22    (d)    The Action involves complex factual and legal issues and, in the absence
23  of settlement, would involve lengthy proceedings whose resolution would be uncertain;

24    (e)    Lead Counsel conducted the Action and achieved the Settlement with
25  skillful and diligent advocacy;

26    (f)    Plaintiffs' Counsel have devoted more than 9,695 hours, with a lodestar
27  value of $5,145,192.25 to achieve the Settlement;

28

    (g)  The amount of attorneys' fees awarded are fair and reasonable and consistent with fee awards approved in cases within the Ninth Circuit with similar recoveries;

    (h)  Notice was disseminated to putative Settlement Class Members stating that Lead Counsel would be submitting an application for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, plus interest, and payment of litigation expenses incurred in connection with the prosecution of this Action in an amount not to exceed $450,000, plus interest, and that such application also might include a request that Lead Plaintiffs be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class in an amount not to exceed $40,000. [No Settlement Class Members have filed an objection to the application for fees and expenses submitted by Lead Counsel];

  7.  In accordance with the PSLRA, the Court hereby awards Lead Plaintiff Arkansas Teacher Retirement System $ 3,747.15 for its costs and expenses (which includes lost wages) directly related to its representation of the Settlement Class, and Baltimore County Employees' Retirement System $ 11,911.05 for its costs and expenses (which includes lost wages) directly related to its representation of the Settlement Class.

  8.  Any appeal or challenge affecting this Court's approval of any attorneys' fee, expense application, or award of costs and expenses (including lost wages) to Lead Plaintiffs in the Action shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

  9.  Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Settlement Class Members.

  10.  In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated: 7/29, 2016

Honorable Edward M. Chen
UNITED STATES DISTRICT JUDGE